### CHARLIE CARR v. THE STATE.

*No. 1044.    Decided March 28th, 1896.*

**Forgery Indictment—Counts—Election—General Verdict.**

Where an indictment for forgery contains two counts—one for forgery and the other for uttering or passing the forged instrument, an election between the counts cannot be required; and, where both counts are submitted, and the evidence supports both, a general verdict can be entered upon either one of the counts.

APPEAL from the District Court of Upshur. Tried below before Hon. FELIX McCORD.

This appeal is from a conviction for forgery, the punishment being assessed at two years' imprisonment in the penitentiary.

The opinion sufficiently states the case.

*M. B. Briggs,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forging a cost bond, by signing the name of Rod Baukham to the same. The indictment contains two counts. The first count charges forgery, and the second, uttering and passing the said forged bond. Both issues were submitted to the jury, and a general verdict was returned, finding appellant guilty. It is contended that an election should have been made by the State, and that, in the absence of such election, a judgment

could not be rendered upon either count. In support of this contention, we are cited to the case of Parks v. State, 29 Tex. Crim. App., 597. That case is not in point. The Parks case decides that, where there is no evidence to support one or more of the counts in the indictment, the court need not submit such counts to the consideration of the jury; and, where the court submits only one of several counts contained in the indictment, that this is tantamount to an election by the State. We think this decision is correct, but has no applicability to the case in hand. In this case the court submitted both counts to the jury, and the evidence fully supports both; and, the verdict being general, the court could enter judgment upon either. But for the inhibition in felony cases, a judgment could have been entered upon both counts. See Crawford v. State, 31 Tex. Crim. Rep., 51. The evidence for the State shows that appellant secured an innocent agent to sign the name of Rod Baukham to the cost bond, and, having done so, passed it upon the clerk of the District Court of Upshur County. While there is some evidence contradictory of the State's case, to the effect that appellant may have believed he had the right to sign Baukham's name to said bond, yet this is very urgently and strongly denied by the evidence for the prosecution. This matter was decided adversely to appellant, and we see no reason for disturbing the verdict of the jury. The judgment is affirmed.

*Affirmed.*