### V. L. GOODGAME V. THE STATE.

No. 17683.   Delivered June 19, 1935.
Rehearing Denied October 23, 1935.

The opinion states the case.

*Williams & Bell,* of Childress, and *Joe D. Bell,* of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder without malice, and his punishment was assessed at confinement in the state penitentiary for a term of 5 years.

The State's testimony shows that the deceased and Curtis Thornton were employees on the Swenson ranch in Cottle County. The Swensons had been allowing people to enter their ranch for the purpose of cutting and hauling wood from it upon the condition that those who entered the same for such purpose had to grub out the roots of trees which they

cut. On the morning prior to the time of the alleged homicide Jack May went to the ranch after wood, at which time May and deceased had some words about May not grubbing out the stumps of the trees which he had cut. May denied this which resulted in some unpleasant remarks being passed between them. May went home with his load of wood but in the early afternoon he returned for the purpose of getting more wood and on this trip he was accompanied by the appellant who also came to get some wood, each one driving his own wagon and team. When the appellant and May arrived at the gate leading into the ranch they met the deceased and Thornton. Appellant, speaking first, said, "Which one of you G—d— fellows was going to whip Jack May," to which Thornton replied, "Neither of us," whereupon the appellant said, "You damn fellows get your fighting clothes on. We have come here to clean this outfit out." Thornton replied, "You needn't come over here starting any trouble. If you want any wood, you can grub it," to which appellant said, "You damn fellows get your fighting clothes on," and then dropped down behind the ingate of his wagon and began shooting. Both the appellant and deceased began shooting at each other about the same time. Deceased was struck by three bullets, which caused his death. The appellant's testimony contradicted the State's case and showed that deceased was the aggressor by firing the first shot, whereupon the appellant, acting in self-defense, shot the deceased.

The appellant's first contention is that the trial court erred in failing to properly and pertinently instruct the jury as to the law of murder without malice and failed to apply the law to the facts. An inspection of the court's charge reveals the fact that the court charged the jury upon the law of murder with malice and murder without malice and upon self-defense, but if it be conceded that the court did not properly and pertinently apply the law of murder without malice to the facts, yet the jury evidently construed the charge as favorably to the appellant as though the court had written it in the most approved legal phraseology because they found him guilty of murder without malice. Just how the appellant was injured by the charge complained of we must confess we are unable to understand. The authorities cited by the appellant are not in point because in each instance the jury found the defendant guilty of murder with malice aforethought. We therefore overrule the appellant's contention.

His next contention is that the court erred in instructing

the jury upon the law of provoking the difficulty and limiting his right of self-defense because such an issue was not raised by any evidence. We are unable to agree with the appellant because the testimony adduced by the State clearly showed that the appellant by his hostile language and conduct, which we do not deem necessary to here reiterate, provoked the difficulty which finally resulted in fatally wounding the deceased. Whenever the issue is raised, it is proper for the court to submit it to the jury under appropriate instructions. It is not necessary that the issue should be raised by the uncontradicted testimony; it is sufficient if it be raised by the State's testimony although contradicted by that of the appellant. The appellant contends that he did not know of any unpleasantness between May and the deceased previous to the homicide. So far as the record shows, May and the deceased were the only two persons present when the unpleasant remarks were passed between them, and if May did not tell appellant what had occurred between him and the deceased, then why did the appellant say when he drove up to the gate where deceased and Thornton were, "Which one of you G——d—— fellows was going to whip Jack May? You damn fellows get your fighting clothes on. We have come here to clean this outfit out." If May and the deceased had no words that morning prior to the homicide, as testified to by May, then why did the deceased go and arm himself and why should he have made the remark attributed to him by the appellant? These were facts for the determination of the jury who found them adversely to the appellant's contention. We are convinced in our own minds, under the following authorities, that the issue of provoking the difficulty was clearly raised. See Britton v. State, 253 S. W., 519; Turner v. State, 246 S. W., 87; Hunter v. State, 298 S. W., 429; Robinson v. State, 274 S. W., 137; Couch v. State, 103 Texas Crim. Rep., 190.

We have examined the court's charge in connection with the appellant's objections thereto as well as the statement of facts and reach the conclusion that no reversible error is shown.

Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges and argues at length that we should have reversed the case because the court's charge on murder without malice was not according to approved precedents. We are still of opinion that the court having charged upon murder without malice, and the jury having found appellant guilty of that degree of offense, appellant has no just ground of complaint.

We have again reviewed the record in the light of appellant's complaint of the charge of the court in submitting to the jury the issue of provoking the difficulty. Clearly under the State's testimony the issue was raised, and it was correctly submitted. The State witness who was present at the scene of the homicide, testified that when the parties approached each other appellant immediately hailed the witness and deceased, who were together, as is set out in our former opinion, and used words which might be deemed calculated to provoke a difficulty, and that immediately upon the using of such words a shooting that terminated fatally, began.

Believing the case properly disposed of, the motion for rehearing will be overruled.

*Overruled.*