LEE BROOKS v. THE STATE.

No. 21796. Delivered December 10, 1941.
Rehearing Denied (Without Written Opinion) February 11, 1942.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of murder without malice in the District Court of Williamson County and assessed the maximum penalty for that offense of five years in the penitentiary.

The record brings before us no bills of exception to any ruling of the court, and consideration is given only to the exceptions to the court's charge and the order overruling motion for new trial.

The record discloses that on the night of December 25, 1940, appellant, who resided in the City of Austin, went with two male companions to Taylor, in Williamson County, and appeared at a public dance hall for colored people a short while before the tragedy occurred. A woman whose company he had been keeping and with whom he had had some disagreement was in Taylor to visit relatives, and it appears that this was the moving cause for his visit. He was a stranger to most of the colored population, particularly to those present, and there is sufficient variety of opinion as to the details of the homicide,

even without some witnesses from Austin who testified to being there only a few minutes and who hurriedly made their escape without coming in contact with anyone known generally to have been present. The only material difference, however, between the testimony of the State and of the defense is that it was the theory of the State that appellant made an uncalled for assault upon Willie Rucker and stabbed him with a knife, severing a vein about the head which caused him to bleed to death in a short period of time. While the defense, admitting the death in the manner stated, claimed that Rucker was approaching the appellant with a knife in his hand, and, after following the story of at least two witnesses to this effect, appellant testified that he stabbed the deceased with a pocket knife having a three-inch blade, which he surrendered to the officers and which was exhibited in evidence, because he was afraid that the deceased would take his life. There was a perfect case of self defense made by his evidence which, if believed by the jury, would have called for a verdict of not guilty under the court's charge.

Several witnesses testified to the gruesome scene, placing themselves in position to see a knife if one had been in Rucker's hand, and each said that they did not see any. The evidence amply sustains the verdict of the jury, and our attention is directed to the court's charge for error, if any.

At the proper time thirty-one exceptions were taken to the court's charge, all of which have been considered and all, alike, are overruled.

The most insistent objections seem to be that the court did not properly charge on "malice aforethought," "adequate cause," "former provocation," "reasonable doubt," "murder with malice," "murder without malice," "aggravated assault," "negligent homicide," "apparent danger," "the law of aggravated assault," "accidental homicide," "a deadly weapon," together with a general complaint in several instances that the charge was on the weight of the evidence. Many of these are not in the case. There was no occasion for charging the jury on the law of aggravated assault, and no complaint can be made of the charge on murder with malice, inasmuch as the jury found him not guilty of murder with malice.

In like manner a discussion of each and every item in the thirty-one exceptions would lead to the conclusion that the

case was properly presented to the jury by the court's charge.

Appellant has not favored the court with a brief setting forth his view of the errors complained of and we are not able in many instances to understand what appellant does have in mind.

Finding no error in the case the judgment is affirmed.