**Ex parte Billy Mack EASLEY.**

**No. 45903.**

Court of Criminal Appeals of Texas.

Feb. 21, 1972.

John Deaver, II, Memphis, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This post conviction habeas corpus proceeding was brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr. App.1967).

In his petition first filed in the convicting court, he alleged that he was charged by a void indictment; further, he was

charged in the same indictment in separate counts with the offense of incest being charged in the first count and with the offense of rape being charged in the second, and he was improperly convicted on the separate counts in a single indictment.

The present judge of the 100th Judicial District, without an evidentiary hearing, entered an order finding that the indictment involved was valid, but that the "sentence of the Court on the second count of the indictment was void." Relief was, however, denied on the basis that "sentence on the conviction on count No. 1 of the indictment is a valid sentence, and petitioner has not shown in his application that he has served out this sentence."

A clerk's transcript was forwarded to this court which has now been supplemented by a certified transcription of the court reporter's notes of the appellant's trial on his pleas of guilty to both counts of the indictment on March 12, 1970.

■ Petitioner's initial claim is that the indictment is void in view of the provisions of Article 21.24, Vernon's Ann.C.C.P. This court has, on a number of occasions, held that an indictment may contain as many counts charging the same transaction as is thought necessary to meet the proof as it transpires and prevent a variance without violating Article 21.24, supra. Rose v. State, 427 S.W.2d 609 (Tex.Cr. App.1968); Steambarge v. State, 440 S. W.2d 68 (Tex.Cr.App.1968); Hughes v. State, 455 S.W.2d 303 (Tex.Cr.App.1970). See also Vannerson v. State, 408 S.W.2d 228 (Tex.Cr.App.1966).

■ And, it has long been held that incest and rape, based upon the same transaction, may be alleged in different counts of the same indictment so as to prevent a variance upon the trial. 4 Branch's Ann. P.C., 2d Ed., § 1937, p. 256.

The indictment is valid.

■ It is likewise well established that multiple sentences may not be obtained on separate counts in the same indictment. Crawford v. State, 31 Tex.Cr.R. 51, 19 S. W. 766 (1892). See also Lowe v. State, 427 S.W.2d 867 (Tex.Cr.App.1968); Smothermon v. State, 383 S.W.2d 929 (Tex.Cr.App.1964).

Thus, one of the convictions for which petitioner is now confined must fall, either the incest conviction for which he was assessed 10 years punishment or the rape conviction for which he was assessed 60 years punishment.

■ The record reflects that on his trial date, he entered pleas of guilty to both counts in the same proceeding. The record reflects that the petitioner entered a plea of guilty first to the first count of the indictment (incest) and then to the second count (rape). The court jointly admonished him as to both counts, then heard evidence reflecting that both offenses grew out of the same transaction. The evidence would have supported either conviction. After the evidence was concluded, the trial court first found the petitioner guilty of incest and it was for this offense that the court first assessed punishment. Having done so, the court was without legal authority to have entered the judgment and sentence involving the rape conviction.

The trial judge's finding that the rape conviction is void is supported by both the facts and the law.

■ The trial court denied relief apparently on the ground that since petitioner had not served the sentence imposed for incest he could not attack the rape conviction until such time as he was confined solely by virtue of such void conviction. This was formerly the law of this state. See, i. e., Ex parte Rios, 385 S.W.2d 677 (Tex.Cr.App.1965). It is no longer the law. Ex parte Alegria, 464 S.W.2d 868 (Tex.Cr.App.1971). The underpinning of

Ex parte Rios, supra, was McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, which was laid to rest with proper respect by Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

Thus, the petitioner is entitled to the relief sought.