Robert Milton BEAUPRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50184.

Court of Criminal Appeals of Texas.

July 16, 1975.

Rehearing Denied Sept. 17, 1975.

Joe Mike Egan, Jr., Kerrville, for appellant.

John F. Pettit, Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for rape; the punishment assessed is imprisonment for twenty-five years. The appellant asserts that the court erred (1) in admitting testimony of the prosecutrix that she identified him in a lineup, (2) in admitting evidence obtained in an unlawful search, and (3) in failing to grant a mistrial when a witness' testimony revealed that the appellant was a married man.

While the appellant does not complain about the in-court identification made of him by the prosecutrix, he does urge that the court erred in permitting the prosecutrix to bolster her in-court identification of him by her testimony that she had identi-

fied him in a police station lineup. He argues that his right to due process under the Fourteenth Amendment to the Constitution of the United States was violated because (1) the lineup identification was tainted by a one-on-one confrontation at the Kinney County Courthouse which occurred six days before the lineup was held, and (2) the lineup was unfair and suggestive of his culpability. He also argues that his rights under the Sixth Amendment to the Constitution of the United States were violated; he alleges that it was error for the court to admit the prosecutrix' testimony that she had identified him at a police station lineup, because he did not waive the right and he was not represented by counsel at the lineup, which he asserts was conducted six days after he had been formally charged with the commission of the offense.

Prior to trial the appellant presented his motion requesting the exclusion of the prosecutrix' testimony concerning her identification of him at the police station lineup. After hearing this motion, the trial judge followed the procedure outlined in *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App. 1969), and made findings of fact and conclusions of law; he overruled the motion and held that the rights of the appellant had not been violated in any of the identification procedures used by law enforcement officers. The evidence heard in the pretrial motion and during the trial will be summarized.

The fifteen year old prosecutrix and two of her high school friends were walking home from a baseball field at about 7:30 p. m. on May 13, 1973, when they noticed a yellow automobile with a black top being driven around their neighborhood in Brackettville. The prosecutrix departed from her friends, and as she continued to walk home, the automobile, which she and her companions had previously observed, approached and stopped. The appellant, who was the driver, threatened the prosecutrix with a revolver, and forced her to get into the automobile. He drove to an abandoned house where he tied her wrists with a rope, and there on an old mattress on the floor forced her to have sexual intercourse with him. After completing the act, he drove back toward the prosecutrix' home and let her get out of the automobile. She ran to the home of a friend where she fainted, but was soon revived and told those present that she had been raped; the rape was then reported to the sheriff. The prosecutrix' wrists were red and scratched where she had been tied with a rope. The sheriff went to the abandoned house, where he found a rope and an old mattress on the floor. The prosecutrix was examined later that night by a physician who found live sperm in her vagina.

On the evening of May 29th the prosecutrix, while with her brother, saw the appellant driving the yellow and black automobile in the neighborhood where she lived. The prosecutrix and her brother recorded the license plate number of the automobile that the appellant was driving. They notified the sheriff that they had seen the appellant; the sheriff then arrested the appellant and took him to the courthouse. Soon after the arrest, while the appellant was sitting in the sheriff's office, the sheriff asked the prosecutrix to look at the appellant through the glass door of his office. The prosecutrix did so, and she told the sheriff that the man sitting in his office was the one that had raped her. Six days later the prosecutrix viewed a lineup held at the police station in Del Rio. From a lineup of eight men she identified the appellant as the man who had raped her.

At the trial, the prosecutrix identified the appellant as the man who had raped her. She was also permitted to testify that she had identified the appellant when she saw him sitting in the sheriff's office in the Kinney County Courthouse and when she saw him in the lineup at the police station in Del Rio. The two high school friends who had been walking with the prosecutrix prior to the time the appellant forced her into his automobile testified at the trial; they identified the appellant as the man

whom they had seen driving the yellow and black automobile the night the prosecutrix was raped.

■ The sheriff did not act improperly in permitting the prosecutrix to see the appellant soon after his arrest. The prosecutrix had seen him only moments before when he was driving his automobile and while he was in the street talking with a little girl. It was the prosecutrix' description of the appellant, just prior to his arrest, that led the sheriff to arrest the appellant. It was common sense under these circumstances for the sheriff to ascertain that he had arrested the man who the prosecutrix said had raped her. Even though it may have been a one-on-one confrontation we do not find that this procedure was unfair, suggestive, or likely to lead to misidentification, or that it tainted her later identification of the appellant in the police station lineup. We have considered all the facts, including the opportunity that the prosecutrix had had to observe the appellant for one and one-half hours when the offense was committed, approximately two weeks before the appellant was arrested.

■ The appellant's complaint concerning the method and fairness with which the police station lineup in Del Rio was conducted is unwarranted. There are three color photographs of the lineup in the record. They show that the appellant and seven other men were placed in three different positions in the lineup; the prosecutrix selected the appellant each time. The photographs show that the men in the lineup bear an unusually similar physical appearance to that of the appellant, and all were dressed in sport shirts and slacks as was the appellant. The only specific complaint that the appellant appears to have is that six of the men, including the appellant, were wearing trousers that had belt loops, and all except the appellant were wearing belts. The other two men in the lineup were wearing beltless type trousers. The appellant contends that since the appellant was not wearing a belt that this would unduly draw attention to his appearance. We find this argument has little merit. The photographs and testimony show the lineup was conducted with care and fairness.

We hold the appellant was not denied due process. We will have to give further consideration to the record to discuss the appellant's claim that he was denied his Sixth Amendment right to counsel at the police station lineup. The evidence shows that an attorney was present when the lineup was conducted, but it fails to show that the attorney was representing the appellant. In any event the trial judge made a specific finding that the appellant was not represented by counsel at the lineup. The trial judge also found as a matter of law that the appellant was not entitled to counsel because he was not indicted until after the lineup was held. The appellant says that he was formally charged by complaint on the evening of May 29th in the Justice Court with the commission of this offense; this was six days before the lineup was held. There is no Justice Court complaint in the record. The appellant argues that circumstantial evidence conclusively proves he was formally charged with this offense before the lineup was held. Appellant declares that he did not waive this right and was therefore entitled to counsel at the lineup.

■ Since the record does not show that the appellant was formally charged with the commission of this offense before the lineup was held, it has not been shown he was entitled to counsel at the lineup. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Lane v. State,* 506 S.W.2d 212 (Tex.Cr.App.1974). Therefore, it was not error to admit the testimony of the prosecutrix that she had identified the appellant in the police station lineup.

■ Even if the appellant had been formally charged with the commission of the offense and was therefore entitled to counsel at the lineup, we find that the admission of the prosecutrix' testimony that she had identified the appellant in the lineup was

harmless error beyond a reasonable doubt. When the totality of the circumstances is considered it is clear that the prosecutrix' in-court identification testimony was based upon her observation of the appellant during the one and one-half hours that she was with him at the time the offense was committed. The admission of the prosecutrix' testimony that she identified appellant at the lineup added nothing that was calculated to cause the jury to return a different verdict than they would have returned if it had not been admitted.

The appellant urges that a revolver, scabbard, and cartridges found in his automobile were obtained in an unlawful search and, over a timely objection, were erroneously admitted in evidence. The State contends that the evidence was properly admitted because it was obtained after the appellant's wife voluntarily consented to a search of the automobile. Although there is testimony that a warrant to search the automobile was obtained, the warrant was not exhibited to the judge.

"When the prosecutor seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effect sought to be inspected." *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

And see *Swift v. State,* 509 S.W.2d 586 (Tex.Cr.App.1974); *Morrison v. State,* 508 S.W.2d 827 (Tex.Cr.App.1974).

After the appellant was arrested on the evening of May 29th, the sheriff rolled up the windows and locked the doors of the automobile the appellant had been driving and left it parked near the courthouse. On the morning of May 30th, while the appellant was still incarcerated, his wife came to Brackettville. She was the registered title owner of the automobile which her husband had been driving. She asked the sheriff if she could use that automobile to drive to Uvalde where she wanted to go to consult a lawyer. The sheriff refused to let her take possession of the automobile; he said he wanted to retain possession of the automobile until he could obtain a warrant to search it. She replied, "It's my car. Go ahead and search it all you want to." The sheriff testified that he did not ask Mrs. Beaupre for her consent to search the automobile, but that she volunteered her consent for the search. Mrs. Beaupre, in her testimony at the hearing on the motion to suppress, admitted she gave her oral consent for the search of the automobile, but said she refused to give her written consent for the search. After the search the sheriff released the automobile to Mrs. Beaupre.

 It was not necessary for the sheriff to advise Mrs. Beaupre that she had a right to refuse to permit a search of the automobile. See *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Ribble v. State,* 503 S.W.2d 551 (Tex.Cr.App.1974); *Potts v. State,* 500 S.W.2d 523 (Tex.Cr.App.1973). The sheriff's statement that he was going to obtain a warrant to search the automobile did not render Mrs. Beaupre's subsequent consent for the search involuntary. *Resendez v. State,* 523 S.W.2d 700 (Tex. Cr.App.1975); *Stephenson v. State,* 494 S. W.2d 900 (Tex.Cr.App.1973); *Hoover v. Beto,* 439 F.2d 913 (5th Cir. 1971).

The appellant also argues that Mrs. Beaupre's offer to let the sheriff search her automobile was in the nature of an offer to contract and that the offer "died either for failure of consideration (if unilateral) or lack of acceptance (if bilateral)." The trial judge had sufficient evidence to conclude that the offer to permit the search was voluntary; we disagree that a waiver and consent to search is based on the law of contracts.

 We find the State demonstrated that Mrs. Beaupre, who was not in custody, without duress or coercion, expressed or implied, voluntarily consented to a search of

the automobile. There was a valid waiver of constitutional rights; the evidence was properly admitted. See *Schneckloth v. Bustamonte, supra.*

■ The appellant's remaining complaint is that the court erroneously refused to grant a motion for mistrial when a witness who was being cross-examined by defense counsel revealed that the appellant was a married man. The appellant's objection came after a later question had been answered and was therefore too late to preserve the alleged error. The court promptly instructed the jury to disregard the witness' testimony concerning which the objection was made. Moreover, later in the trial there was a great deal of testimony which revealed that the appellant was a married man. *Cf. Allen v. State*, 513 S.W.2d 556 (Tex.Cr.App.1974).

The appellant has been improperly sentenced; a discussion of the procedural facts is necessary. The appellant was charged in the first count of the indictment with rape by force, threats, and fraud. He was charged in the second count of the indictment with the rape of a female under the age of seventeen years who was not his wife. Both counts of the indictment were submitted to the jury; on February 21, 1974, the jury returned a verdict finding the appellant guilty on both counts. The evidence is sufficient to support either verdict and shows that the offense was committed on May 14, 1973. The court incorporated both verdicts in the judgment. Punishment of imprisonment for twenty-five years was assessed on each count. The appellant then moved the court to sentence him under the provisions of the new Penal Code effective January 1, 1974.[1] See Sec. 6(c), Ch. 399, Acts of the 63rd Leg., R.S., 1973. The appellant was sentenced in connection with count one of the indictment to

be confined in the Texas Department of Corrections for not less than five years and not more than twenty-five years. He was sentenced in connection with count two of the indictment to be confined in the Texas Department of Corrections for not less than two years and not more than twenty years. The punishment in relation to count two was reduced from twenty-five years to twenty years because the new Penal Code provides that the offense of rape of a child under the age of seventeen years is punishable as a second degree felony. V.T.C.A., Penal Code, Sec. 21.09.

■ A defendant cannot be convicted for separate counts in the same indictment. See *Ex parte Easley*, 490 S.W.2d 570 (Tex. Cr.App.1972). The judgment will be reformed to show that the appellant was found guilty of the single offense of rape by force, threats, and fraud. Further, if a defendant elects to be punished under the provisions of the new Penal Code, he is still guilty of the offense for which he was convicted under the former Penal Code but is entitled to have punishment assessed under the provisions of the new Penal Code. The sentence will therefore be reformed to show that the appellant was found guilty of the single offense of rape by force, threats, and fraud, rather than aggravated rape and that he is sentenced to confinement in the Texas Department of Corrections for not less than five years and not more than twenty-five years. The recitations in the judgment and sentence that the appellant was found guilty of the offense of rape of a female under the age of seventeen years not his wife shall be deleted from the judgment and sentence. It is so ordered.

The judgment and sentence as reformed are affirmed.

Opinion approved by the Court.

See *Stephenson v. State*, 517 S.W.2d 277 (Tex.Cr.App.1975).

---

1. The election to have the appellant sentenced under the new Code was not timely.