Curley ARMSTEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 55135.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 15, 1978.

Lester Van Slyke, Jr., Richmond, for appellant.

C. A. Dickerson, Dist. Atty., and William A. Meitzen, Asst. Dist. Atty., Richmond, Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery, an offense denounced by V.T.C.A., Penal Code, Sec. 29.02.[1] The punishment, enhanced by a prior felony conviction, was assessed by the court at twenty-five years' imprisonment.

We conclude that the court's charge to the jury at the guilt-innocence phase of the trial was fundamentally erroneous. Therefore, in the interest of justice, the judgment of conviction must be reversed. Article 40.-09(13), Vernon's Ann.C.C.P.

Omitting the formal portions, the indictment charging appellant with robbery alleged in relevant part:

". . . that Curley Armstead, Defendant, on or about the 1st day of May, A.D. 1976, and before the presentment of this indictment, in said County and State, did then and there while in the course of committing theft and with intent to appropriate property of Gloria Slavinski, the owner of the following described property, to-wit: cash money, without the effective consent of said owner and intent to deprive the said owner of said property, did then and there placed Gloria Slavinski in fear of imminent bodily injury." (Emphasis supplied.)

Thus, it is readily apparent that the indictment charged appellant with robbery based

---

1. Section 29.02, supra, provides that:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

on the theory embodied in Sec. 29.02(a)(2), supra, that appellant "intentionally or knowingly threaten[ed] or place[d] another in fear of imminent bodily injury or death." [2]

In applying the law to the facts in its charge to the jury, the court not only authorized the jury to convict appellant if they found him guilty as alleged in the indictment; but, the court also allowed the jury to convict appellant for robbery if they found that appellant "intentionally, knowingly, or recklessly caused bodily injury to said owner. . . ." Consequently, the jury was authorized by the charge to convict appellant under a theory described by Sec. 29.02(a)(1), supra, a manner of committing robbery which was not alleged in the indictment. This charge then, was fundamentally erroneous and the cases of *Smith v. State*, 570 S.W.2d 958 (Tex.Cr.App.1978); *Robinson v. State*, 553 S.W.2d 371, 374 (Tex. Cr.App.1977); *Davis v. State*, 557 S.W.2d 303, 304 (Tex.Cr.App.1977), require that we reverse appellant's conviction.

The judgment is reversed and the cause remanded.

---

2. We express no opinion on the validity of this indictment.