Ernest GARCIA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56470.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

H. Thomas Hirsch, Odessa, for appellant.

John R. Hollums, Dist. Atty., Floydada, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from convictions for voluntary manslaughter (2) and aggravated assault (2). Punishment was assessed at 10 years' imprisonment for each offense.

At the outset we note as unassigned error in the interest of justice (see Article 40.09, Section 13, V.A.C.C.P.) fundamental error in the court's charge which mandates the reversal of appellant's convic-

tion for the voluntary manslaughter of both Carlos Mendoza and Juan Mendoza. The indictment charged that the appellant "intentionally and knowingly cause[d] the death of an individual, Carlos Mendoza, by shooting him with a gun, . . . ." The same allegation is in the indictment with respect to Juan Mendoza. That portion of the court's charge which instructs the jury by applying the law to the facts of the case on both murder and voluntary manslaughter provided the jury with the alternative theory of murder provided for under V.T.C.A., Section 19.02(a)(2), i. e., "or did then and there intend to cause serious bodily injury to the said Carlos Mendoza and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, shooting at Carlos Mendoza with a gun and causing the death of the said Carlos Mendoza, . . . ." The providing of an alternative theory for the commission of a charged offense in the court's charge which is not alleged in the indictment constitutes fundamental error. See *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Shaw v. State*, Tex.Cr.App., 557 S.W.2d 305; *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371.

■ The error created by the providing of an alternative theory upon which the jury could find the appellant committed murder is not rendered harmless or in any other way mitigated merely because the jury was at the same time instructed, under the instruction on voluntary manslaughter, on the "defensive" issue of "the immediate influence of sudden passion arising from an adequate cause." *Paige v. State*, Tex., 573 S.W.2d 16 (1978); *Braudrick v. State*, Tex. Cr.App., 572 S.W.2d 709 (1978). The State is still obligated to prove beyond a reasonable doubt that the appellant committed the offense of murder and the provision of alternative theories to enable the jury to make that finding suffers the same fatal defect as the other cases in which this Court has found fundamental error to exist. See *Armstead v. State*, Tex.Cr.App., 573 S.W.2d 231 (1978); *Smith v. State*, Tex.Cr.App., 570 S.W.2d 958; *Plunkett v. State*, Tex.Cr.App. (No. 55,078, delivered November 15, 1978); *Brewer v. State*, Tex.Cr.App., 572 S.W.2d

940 (1978—rehearing denied, November 15, 1978).

The judgment of conviction finding the appellant guilty of voluntary manslaughter of Carlos Mendoza and Juan Mendoza is hereby reversed and dismissed.

■ Regarding the remaining two judgments of conviction, another matter is presented to this Court which should also be considered in the interest of justice under Article 40.09, Section 13, V.A.C.C.P. The indictment under which the appellant was prosecuted contained four separate counts that charged the appellant with two murders and two aggravated assaults. Whenever a single indictment charges two or more distinct felonies in different counts, the accused may be convicted of only one count. *Beaupre v. State*, Tex.Cr.App., 526 S.W.2d 811; *Easley v. State*, Tex.Cr.App., 490 S.W.2d 570; *Monroe v. State*, 142 Tex. Cr.R. 239, 172 S.W.2d 699; *Wimberley v. State*, 94 Tex.Cr.R. 1, 249 S.W. 497. V.T. C.A., Penal Code, Sections 3.01 through 3.04, have abolished this rule with respect to offenses against property while at the same time providing for a severance upon request of the accused.

Since only one count of the indictment can support a judgment of conviction in these circumstances, and the two judgments of conviction for voluntary manslaughter have been reversed and remanded for the foregoing reasons, the judgment should be reformed to show that the appellant is convicted for one offense of aggravated assault and the sentence should be corrected to conform with the judgment. *Beaupre v. State*, supra.

Appellant's single ground of error on appeal was concerning the trial court's refusal to grant his specially requested instruction on the lesser included offense of involuntary manslaughter. See V.T.C.A., Penal Code, Section 19.05(a)(1) and Section 6.03(c). While we do not need to reach a decision on appellant's contention, we direct the trial court's attention to *Brooks v. State*, Tex.Cr. App., 548 S.W.2d 680; *Jackson v. State*, Tex.Cr.App., 548 S.W.2d 685; and *McCartney v. State*, Tex.Cr.App., 542 S.W.2d 156.

The two judgments of conviction for voluntary manslaughter are reversed and dismissed.[1] The judgment of conviction for the aggravated assault upon Manuel Mendoza, Jr., is affirmed. The judgment of conviction for aggravated assault upon Frank Robledo is reversed and dismissed.[2]

DALLY, Judge, dissenting.

We need not determine whether the court's charge on murder presents error since the jury found the appellant guilty of voluntary manslaughter, a lesser included offense. See, e. g., *Brooks v. State*, 143 Tex.Cr.R. 320, 158 S.W.2d 307 (1942); *Goodgame v. State*, 129 Tex.Cr.R. 250, 86 S.W.2d 753 (1935); Texas Digest, Homicide ⟁340(4). That the charge on voluntary manslaughter may contain surplusage is of no importance. That charge contains the essentials. It authorizes the jury to convict the appellant for voluntary manslaughter if he caused the death of Carlos Mendoza under the immediate influence of sudden passion arising from an adequate cause.

There is another matter that should be considered. Although there was no objection to the misjoinder of offenses, the indictment has one paragraph containing four separate counts that charged the appellant with the murder of Carlos Mendoza and Juan Mendoza, and with committing aggravated assault upon Manuel Mendoza, Jr. and Frank Robledo. The usual and better practice would be to return four indictments. See *Brown v. State*, 475 S.W.2d 938 (Tex.Cr.App.1971), footnote 1. It has been consistently held that when in the same indictment two or more felonies are alleged in different counts the accused may be convicted of only one count. See, e. g., *Beaupre v. State*, 526 S.W.2d 811 (Tex.Cr. App.1975); *Easley v. State*, 490 S.W.2d 570 (Tex.Cr.App.1972); *Monroe v. State*, 142 Tex.Cr.R. 239, 172 S.W.2d 699 (1943); *Wimberley v. State*, 94 Tex.Cr.R. 1, 249 S.W. 497

(1923). This rule, of course, does not now apply to offenses against property. V.T. C.A. Penal Code, Secs. 3.01, 3.02, 3.03, and 3.04.

Since the appellant may only be convicted under one count of the indictment, the conviction for voluntary manslaughter of Carlos Mendoza should be affirmed. The judgment and sentence should be reformed to show that the appellant is convicted for one offense of voluntary manslaughter and the sentence should be corrected to conform with the judgment. See *Beaupre v. State*, supra.

Although not considered in its original draft, the majority have now adopted and incorporated within its opinion the matter which I first discussed in the second and third paragraphs of this opinion. The majority should likewise adopt the first paragraph and affirm the judgment in this appeal.

I dissent to the reversal of the conviction for voluntary manslaughter.

---

1. The prosecutions for voluntary manslaughter or murder under this indictment must be dismissed since one of the four alleged felonies is herewith affirmed. We do not address the question of whether appellant can be reindicted separately for these offenses.

2. For the same reason set forth above and in Footnote 1, the prosecution under the *instant* indictment must be dismissed.