Larry **BULLARD**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–087–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1983.

Rehearing Denied Dec. 8, 1983.

Hector Villarreal, Edinburg, for appellant.

Reynaldo Cantu, Jr., Asst. Dist. Atty., Brownsville, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

Appellant appeals his convictions for sexual abuse, rape and robbery. After trial by jury, the court assessed punishment at 16 years in the Texas Department of Corrections. At trial and on appeal, appellant is represented by retained counsel. Although a statement of facts is not a part of the appellate record, a brief was filed by appellant.

In his sole ground of error, appellant contends that the trial court committed reversible error in allowing the appellant to be convicted of more than one count arising from a single indictment. We agree that the trial court erred.

In one indictment, appellant was charged in the first count with sexual abuse and in count two with rape. In a separate indictment, appellant was also charged with robbery of the same victim on the same date. By agreement of the State and the defendant, both indictments were consolidated for trial. Appellant was found guilty and sentenced on all three offenses.

Appellant concedes that the trial court may have properly submitted both counts of sexual abuse and rape to the jury with an instruction that a conviction can be had upon only on one of said counts. This is the rule articulated in *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). Even though the procedure employed by the trial court did not result in multiple sentences, it was improper and the trial court should have instructed the jury in accord with *Crocker. See also Beaupre v. State,* 526 S.W.2d 811 (Tex.Cr.App.1975); *Ex Parte Easley,* 490 S.W.2d 570 (Tex.Cr.App.1972).[1]

Since the offenses alleged in the indictment here are not property offenses, only one count of the indictment alleging sexual abuse and rape can support a judgment of conviction. As noted in *Easley,* supra, a trial court is without legal authority to enter judgment and sentence the defendant on the second count after having found him guilty on the first count and having assessed punishment on that count.

Although no transcription of the court reporter's notes are in the appellate record, it appears from the judgment that punishment was first assessed for the offense of sexual abuse. Therefore, the judgment of conviction for rape in cause no. 82–CR–293–C is REVERSED and the judgment and sentence is REFORMED to show that appellant is convicted only for the offense of sexual abuse. The judgment of conviction in cause no. 82–CR–924–C for robbery is AFFIRMED.

As REFORMED, the judgment of the trial court is AFFIRMED.

---

1. This rule has been abolished with respect to offenses against property. See Art. 21.24 Tex. Code Crim.Pro.Ann. (Vernon Supp.1982–83) and Sec. 3.01 through 3.04 Tex.Penal Code Ann. (Vernon 1974).