James Monrow LUCAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–00921–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 6, 1986.

Rehearing Denied Jan. 26, 1986.

Henry L. Burkholder, III Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Harris County Asst. Dist. Atty., Houston, for appellee.

Before COHEN, SAM BASS and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant was charged in one indictment with two counts of aggravated robbery. Each count alleged a robbery against the same victim, but on different dates. Pursuant to Texas Penal Code section 3.04(a) (Vernon 1974), appellant's motion to sever was granted. On December 18, 1984, appellant was found guilty by a jury on the first count of the indictment. The court found the enhancement allegations true and assessed punishment at 45 years confinement. This Court affirmed the conviction in cause number 01–85–00085–CR on May 6, 1986, in an unpublished opinion.

On September 15, 1985, appellant was convicted in a trial to the court on count two of the indictment. He pled true to the enhancement, and the court assessed punishment at 45 years confinement, concurrently with the punishment on count one. This appeal is from the conviction on count two of the indictment.

The first point of error contends that Texas Penal Code Ann. sections 3.03 and 3.04 (Vernon 1974) do not permit multiple judgments from a single indictment. Although he concedes that multiple convictions and sentences can arise from one indictment, appellant contends that only

one judgment per indictment is authorized in Texas and that entry of a final judgment on count one, before the disposition of count two, was an election to abandon count two. The trial court overruled appellant's written objection on this basis.

Appellant's authorities, *Fisher v. State,* 33 Tex. 792 (1870); *Carr v. State,* 36 Tex. Crim. 3, 34 S.W. 949 (1896); *Banks v. State,* 93 Tex.Crim. 117, 246 S.W. 377 (1922); *Drake v. State,* 686 S.W.2d 935, 944 (Tex.Crim.App.1985); and *Ex parte Ellison,* 699 S.W.2d 218 (Tex.Crim.App.1985), do not support his contention. The courts held in each case that where multiple offenses were improperly joined, only one conviction, sentence, and judgment could result from a single indictment. Appellant was charged with two offenses that were properly joined in a single indictment, because they constituted the repeated commission of one offense defined in Title 7 of the Penal Code. Tex.Code Crim.P.Ann. art. 21.24(a) (Vernon Supp.1986). A defendant may be prosecuted in a single criminal action, based on one or more charging instruments, for all offenses arising from the same "criminal episode." Tex.Penal Code Ann. secs. 3.01, 3.02 (Vernon 1974).

Two or more verdicts shall be returned, and two or more punishments shall be assessed, and sentences pronounced, in cases where multiple convictions are allowed. Tex.Code Crim.P.Ann. art. 37.07, secs. 1(c), 2(c) (Vernon 1981). Tex.Code Crim.P.Ann. art. 42.01 (Vernon 1986), provides that:

A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment.

■ When there are multiple convictions, it follows that there may be multiple judgments showing the convictions. While article 42.01 permits a single judgment for conviction upon multiple offenses, *see* art. 42.01, sec. 1 (6), (13), (14), it does not prohibit multiple judgments. It is consistent with the scheme of Chapter 3 of the Penal Code that when a defendant has exercised his right of severance under section 3.04, the resulting separate proceedings, convictions, and sentences should be reflected in separate judgments.

Texas Penal Code section 1.05 (Vernon 1974), provides that "[t]he provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." The code's objectives are best met by allowing multiple judgments on this indictment. A contrary holding would undermine the clear intent of chapter 3.

The first point of error is overruled.

Appellant's second point of error contends that the trial court erred in overruling his motion to quash the indictment because the indictment failed to allege that the two counts arose out of the same criminal episode, and were, therefore, improperly joined under Penal Code section 3.02(a).

■ Tex.Code Crim.P.Ann. art. 21.03 (Vernon 1966) provides that "[e]verything should be stated in an indictment which is necessary to be proved." *See Antwine v. State,* 518 S.W.2d 830 (Tex.Crim.App.1975). It is not necessary to prove that the offenses arise from the same "criminal episode," i.e., that they were the repeated commission of one offense defined in Title 7 of the Penal Code, in order to secure a conviction on either or both of the counts. Therefore, it was not necessary for the State to allege that the two counts arose from the same criminal episode. *Benavidez v. State,* 655 S.W.2d 233, 235 (Tex.App. —Corpus Christi 1983, pet ref'd).

The second point of error is overruled.

■ The third, fourth, and fifth points of error challenge the legality of the search of his home and his person, and of his written confession. Appellant concedes that these points are substantially the same as those overruled in the appeal of his conviction on count one. Consequently, the law of the case doctrine prevents their re-litigation. *Calvin v. State,* 689 S.W.2d 460, 463 (Tex. Crim.App.1985); *Warren v. State,* 523 S.W.2d 237 (Tex.Crim.App.1975). Appel-

lant's third, fourth, and fifth points of error are overruled.

The judgment is affirmed.