**Travis Gerhardt SCOGIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–091 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 6, 1991.

Tom Brown, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellant was charged by single indictment with five separate offenses; Aggravated Sexual Assault (vaginal); Aggravated Sexual Assault (anal); Aggravated Sexual Assault (oral); Aggravated Robbery; and Unauthorized Use of a Motor Vehicle.

Appellant entered a not guilty plea. A jury verdict found appellant guilty of the lesser included offense of Sexual Assault (vaginal); the lesser included offense of Sexual Assault (oral); and Unauthorized Use of a Motor Vehicle. The jury returned a not guilty verdict on the Aggravated Sexual Assault (anal) and the Aggravated Robbery charge.

The trial court entered three separate judgments all under the same cause number, "11,020."

Appellant contends and the State agrees that the State is prohibited from obtaining multiple convictions for multiple non-property offenses alleged in a single indictment. Both appellant and the State agree that this constituted trial court error and that a conviction and judgment on the lesser included offense of Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle are void. The State asks this Court to dismiss these void sentences for lack of jurisdiction and without prejudice.

We agree with appellant that under *Fortune v. State*, 745 S.W.2d 364 (Tex.Crim. App.1988), [affirming our decision in *Fortune v. State*, 699 S.W.2d 706 (Tex.App.—Beaumont 1985)], and *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.App.1985), the convictions for Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle are void even though the indictment containing multiple offenses was not.

The record reflects that the jury's first guilty finding was for the lesser included offense of Sexual Assault (vaginal). Even though the five count indictment was valid, it has been clear since *Ex parte Easley*, 490 S.W.2d 570 (Tex.Crim.App.1972) that "multiple sentences may not be obtained on separate counts of the same indictment."

At this juncture, we note some historical happenings in this case. Appellant, defendant below, was tried beginning April 9, 1984 with jury verdict being returned April 11, 1984. Defendant was sentenced on April 24, 1984. On October 26, 1988, the Court of Criminal Appeals entered an order based on Application for Writ of Habeas Corpus, ordering that appellant be granted an out-of-time appeal and that appellant be returned in time to a point at which appellant could give notice of appeal.

The trial court then appointed appellate counsel and said counsel filed notice of appeal, then later an *"Anders"* brief stating that "after thorough and diligent review of the record, and the law applicable thereto, I have concluded that the appeal is wholly without merit."

This Ninth Court of Appeals, upon examining the record, discovered at least an arguable point of error based on the *Fortune* decision. We allowed counsel to withdraw and directed the trial court to appoint new counsel for appellant.

■ In view of the Court of Criminal Appeal's decisions in *Fortune, supra,* and *Siller, supra,* we reverse the convictions of Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle. It would be improper to simply dismiss the two convictions without prejudice and for a lack of jurisdiction as the State requests. We, therefore, reverse those two stated convictions and, again, reiterate our "dicta" that appellant can be indicted and prosecuted in the future for the offenses of Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle. *See, Fortune, supra,* 745 S.W.2d at 370, n. 2.

■ We now address appellant's two points of error relating to appellant's convictions on the first finding of guilt made by the jury which was for the lesser included offense of Sexual Assault as alleged in paragraph one of the indictment. Our guidance for so doing comes from *Ex parte Easley, supra* which stands for the proposition that in a multiple count indictment, only the first finding of guilt by the jury or the court will support a judgment and sentence.

■ Appellant's ground of error number two contends that the prosecutor's repeated reference to appellant's "confession", which was not in evidence, deprived appellant of a fair trial.

During trial, a hearing was held outside the presence of the jury to determine the admissibility of a statement made by appellant to Deputy Dennis Clifton of the Polk County Sheriff's Office and Texas Ranger Tommy Walker. The trial court determined the statement admissible over appellant's objection. Appellant's statement was marked as State's Exhibit # 30.

In the presence of the jury, the State called the previously mentioned Officers Clifton and Walker for purposes of proving up appellant's statement as a confession. During the State's examination of each officer, the assistant district attorney continually referred to appellant's statement as a "confession". This reference occurred over 20 times. Counsel for appellant did not object to such reference, but objected only to the admissibility of the statement. Ultimately, after examination and cross examination of the two officers, the trial court ruled that the confession "is not admissible at this time" apparently reversing its previous ruling.

Appellant now tells us that the references to the statement as a confession was calculated to prejudice the jury as evidenced by the jury's subsequent request, during deliberation, to see the unadmitted statement.

One note from the jury to the court stated, "we the jury had decided on only one of the charges and are hung on the other four charges due to consent." The trial judge instructed the jury to continue to deliberate.

A subsequent note from the jury queried, "Is there anyway we can see the defendant's statement? We are hung on consent." The trial judge then instructed the jury to consider the evidence and the charge and continue to deliberate.

We note at the outset that even though counsel for the State referenced the statement as a confession on over 20 occasions, the jury referred to same as "the defendant's statement".

We believe and hold that it was imperative for appellant to make proper and timely objection to the State's use of the word "confession" in order to preserve this question for appeal. Tex.R.App.P. 52(a). One primary and obvious purpose for objections is to point out to the trial court the possible error of its ways and to afford the trial court an opportunity to then and there cure its own failings. *See, Zillender v. State,* 557 S.W.2d 515 (Tex.Crim.App.1977).

921

Even though we have determined that appellant waived any error by failing to object to the use of the word "confession", we must now determine whether such failure to object by appellant's counsel amounted to ineffective assistance of counsel.

 Our governing standard for determining this question is of course, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The two-pronged *Strickland* test is whether:

(1.) The defense counsel's performance was so deficient that he did not render reasonable effective assistance of counsel and;

(2.) Regardless of the mistakes or shortcomings of counsel's performance, is there a reasonable probability that, but for the unprofessional error, the result of the trial would have been different.

Without belaboring this question, it is readily apparent from the record that appellant's counsel was successful in obtaining two not guilty verdicts on the five count indictment, as well as convincing the jury that two of the aggravated sexual assault counts should be reduced to the lesser included offense of sexual assault.

Viewing the entire record in light of *Strickland,* we cannot and do not say that but for the failure to object to the State's use of the word "confession," a different result would have been reached.

We sustain appellant's ground of error number one and overrule appellant's ground of errors two and three.

REVERSED IN PART; AFFIRMED IN PART.

BROOKSHIRE, Justice, concurring.

I readily concur with the Court's opinion which reversed the convictions of Aggravated Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle. The Court has also held that the appellant, Scogin, can be in the future indicted and prosecuted for these offenses of Aggravated Sexual Assault (oral) and Unauthorized Use of a Motor Vehicle. See *Fortune v. State,* 745 S.W.2d 364, 370, n. 2 (Tex.Crim.App.1988).

Footnote number 2 expressly reserved for the Court of Criminal Appeals the important, if not grave, decision reviewing our affirmative holding in *Fortune v. State,* 699 S.W.2d 706, 709 (Tex.Civ.App.—Beaumont 1985) wherein we clearly held that the appellant, Fortune, could properly be reindicted and prosecuted in the future for the offense of aggravated sexual assault in count two of the indictment against Fortune. Respectfully stated, it is somewhat inaccurate to refer to our holding as "dicta". That characterization was pronounced by the higher court. It is interesting to note, however, that Section 3.01 of the Texas Penal Code has been amended and broadened by legislative enactment effective September 1, 1987. This amendment, I opine, should have salutary results. "Criminal Episode" now is defined and contains a much more practical, pragmatic and up-to-date meaningful concept.