**Charles MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0054–CR.**

Court of Appeals of Texas, Amarillo.

Nov. 30, 1983.

---

James R. Rodgers, Clarksville, for appellant.

Jim Bob Darnell, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

In a prosecution for offenses conceived to arise out of a criminal episode, a jury convicted appellant Charles Moore of the three offenses of felony theft alleged in three counts in a single indictment. The jury assessed appellant's punishment at confinement for, respectively, five years, three years and three years.

Appellant seeks a reversal on seven grounds of error. The material contentions are narrowed for clarity and stated in the order of resolution thusly: this Court lacks jurisdiction over the appeal; the trial court erred in failing to quash the indictment; the evidence is insufficient to show the intent to commit theft; appellant was erroneously charged and tried on three counts of theft in the absence of an evidenced criminal episode; and he was placed in double jeopardy.

We conclude that this Court is vested with jurisdiction over the appeal and that, although a criminal episode supporting convictions for the three offenses of theft alleged was not shown, a conviction for the first-count offense of theft is supported by the indictment and proof without placing appellant in double jeopardy. We, therefore, reform the judgment and sentence and, as reformed, affirm.

Appellant gave notice of appeal from his convictions on 28 August 1981 to the Court of Criminal Appeals, which then was vested with appellate jurisdiction of all criminal cases. Tex. Const. art. V, § 5 (Vernon 1955). The appellate record was transmitted from the trial court and filed in this Court on 26 February 1982.

Challenging, with his fifth ground of error, the jurisdiction of this Court to entertain his appeal, appellant contends that since his 28 August 1981 notice of appeal was given to the Court of Criminal Appeals, then having jurisdiction of all appeals in criminal cases, he "had an absolute right to have his appeal heard by the highest criminal court of Texas." The premise underlying the contention of the absolute right is these statements: "The change in the law, effective September 1, 1981, allowing Courts of Appeal to hear criminal appeals was equivalent to an ex post facto law and deprived the Appellant of due process of law;" and "When a statute alters the rules of evidence it is unconstitutional to apply it as ex post facto." We are not in accord.

The change in the law to which appellant directs attention has reference to the constitutional amendments and statutory enactments respecting the appellate jurisdiction of the Court of Criminal Appeals and the courts of appeals on and after 1 September 1981. One of the constitutional amendments mandates that jurisdiction of appeals of all cases in which the death penalty has been assessed is vested in the Court of Criminal Appeals, which has final appellate jurisdiction, and the jurisdiction of appeals in all other criminal cases is vested in the "courts of appeals as prescribed by law." Tex. Const. art. V, § 5 (Vernon Supp.1982–1983). Another constitutional amendment authorized the Legislature to divide the State into supreme judicial districts and establish a court of appeals in each district with appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6 (Vernon Supp.1982–1983).

Acting upon the constitutional direction, the Legislature, after dividing the State into supreme judicial districts and establishing a court of appeals in each, Tex.Rev. Civ.Stat.Ann. arts. 198, 1817 (Vernon Supp. 1982–1983), addressed the matter of jurisdiction of those courts in criminal appeals by prescribing that the courts "shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed." Tex. Code Crim.Proc.Ann. art. 4.03 (Vernon Supp.1982–1983). The Legislature further prescribed that appeals to the courts of appeals filed on or after 1 September 1981 shall be filed in the court of appeals having jurisdiction, and provided for the transfer

**554**

of a limited number of appeals then pending in the Court of Criminal Appeals to the various courts of appeals. Act of June 8, 1981, ch. 291, § 149, 1981 Tex.Gen. & Spec. Laws 820. In implementation thereof, the Court of Criminal Appeals ordered, on 24 July 1981, that the "appellate records in criminal cases to be filed in an appellate court on or after September 1, 1981, regardless of when notice of appeal was given, shall be filed in the appropriate Court of Appeals, except for those cases in which the Constitution and the statutes specifically provide the appeal will be directly to the Court of Criminal Appeals...."

■ By the constitutional and statutory scheme for appeals in criminal cases, the State merely exercised its discretion, as it may, to provide for diversity in appellate jurisdiction. *Ohio ex rel. Bryant v. Akron Metrop. Pk. Dist.*, 281 U.S. 74, 81, 50 S.Ct. 228, 231, 74 L.Ed. 710 (1930). Obviously and contrary to appellant's premise, the appellate scheme does not constitute an ex post facto law which, in the classical sense, "aggravates a crime or makes it greater than when it was committed or similarly changes and inflicts greater punishment than that which was proscribed when the crime was committed." *See Betancourt v. State*, 590 S.W.2d 487, 489 (Tex.Cr.App. 1979), *cert. denied*, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980). And, aside from the reality that a rule of evidence is not involved in a question of jurisdiction, there is no deprivation of constitutional due process where, as under the appellate scheme provided in this State, all appellants have an equal right in like cases to resort to the appellate courts for redress. *Ohio ex rel. Bryant v. Akron Metrop. Pk. Dist., supra.* The fifth ground of error is overruled.

The offenses alleged against appellant arose out of his participation as a buyer at an auction of farm machinery and equipment in Lubbock County. Travis Butler, who had contracted with the owner of the farm properties to sell them, conducted the auction. Appellant was the successful bidder on seventy-five of the auctioned items.

For sixty-eight of the items—including a Ferguson tractor and loader, a water tank, and a tank trailer—he gave Butler a check for $7,861. Butler deposited the check for payment, but it was returned to him unpaid, stamped "N.S.F." After being unable to contact appellant personally, Butler sent a registered letter addressed to appellant at the address shown on appellant's check. The letter was returned to Butler, marked "unclaimed."

An indictment was returned alleging, in three counts, that appellant had committed the offenses of felony theft of three separate items of personal property. By the first count of the indictment, it was alleged that appellant did

> intentionally and knowingly appropriate property, to-wit: acquire property other than real property, unlawfully, to-wit: one (1) Ferguson tractor and loader of the value of Two Hundred Dollars ($200.00) or more but less than Ten Thousand Dollars ($10,000.00) from Travis Butler, without the effective consent, to-wit: induced by deception, of the owner, Travis Butler, to-wit: person who had greater right to possession of said property than the Defendant, and with intent to deprive the said owner of said property, . . . .

Similar language was contained in the second and third counts of the indictment to allege respectively the felony theft of a water tank and a tank trailer.

Appellant attacks the sufficiency of the indictment with his fourth ground of error, under which he contends the court erred in overruling his motion to quash the indictment because of its confusing nature. He faults the indictment since, in his view, it does not meet the statutory standard for sufficiency. *See* Tex.Code Crim.Proc.Ann. art. 21.11 (Vernon 1966). The insufficiency occurs because, he argues, with four "to-wits" in each count, a person of common understanding would be lost.

■ Although the indictment counts are inartfully drawn—*see, e.g.,* 7 S. Willson, Criminal Forms Ann. § 12.01, *et seq.* (Texas Practice 1977); 2 Branch's Texas Annotat-

ed Penal Statutes With Forms § 31.03 (3d ed. 1974)—each count alleges that (1) appellant (2) with intent to deprive the owner of the property (3) appropriated the described property (4) without the named owner's effective consent. The allegation of these elements charged the offense of theft. Tex.Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp.1982–1983); *Hughes v. State*, 561 S.W.2d 8, 10 (Tex.Cr.App.1978). In our view, the "to-wits" were inserted to impart a certainty to the counts as drawn; but, if they offend, they may be eliminated as surplusage without detriment to the indictment, because they are not descriptive of that which is legally essential to charge the crime. *Smallwood v. State*, 607 S.W.2d 911, 912 (Tex.Cr.App.1980). In any event, we conclude that the language is sufficiently intelligible to a person of common understanding to adequately give the accused notice of the offense charged and enable him to prepare his defense. *Accord, Terry v. State*, 517 S.W.2d 554, 556 (Tex.Cr.App. 1975).

■ With an accompanying argument, appellant submits there is record evidence that he purchased two tank trailers at the auction and, therefore, the indictment did not set out specifically enough the items taken. However, in his motion to quash the indictment, appellant did not include a lack of specificity of the items taken as a reason to quash the indictment; hence, we need not entertain and answer the argument. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 604 (Tex.Cr. App.1974). Nevertheless, we notice that the descriptions of the items taken are sufficient when tested by a motion to quash, *Wood v. State*, 632 S.W.2d 734, 736–37 (Tex.Cr.App.1982), and we observe that a variance between the allegation and proof does not vitiate the indictment. *Seiffert v. State*, 501 S.W.2d 124, 126 (Tex.Cr.App. 1973). The fourth ground is overruled.

By his third ground of error, appellant challenges the sufficiency of the evidence to show his intent to commit theft. The insufficiency results, he argues, because the evidence shows that when his $7,861

check was presented to the bank for payment, he had a balance of $3,885.71 on deposit, which was ample to pay for the tractor and loader, the water tank and the tank trailer that were valued at, respectively, $2,000, $650 and $475 by the testimony. The challenge is unsupported by any authority, and it is not credible.

■ Where, as in this cause, one obtains property by issuing a check for the payment of money when he does not have sufficient funds on deposit with the bank for "the payment in full of the check," his intent to commit theft is presumed if he does not pay the holder in full within ten days after receiving notice that payment was refused by the bank. Tex.Penal Code Ann. § 31.06(a)(2) (Vernon 1974). Appellant has not questioned the proof that he acquired the described property by issuing his check for it, that he did not have sufficient funds on deposit with the bank to pay the check in full, that he had notice the check was dishonored by the bank, and that he did not pay the holder of the check in full after notification of its dishonor.

■ Thus, the presumption of intent to commit theft by deception as alleged in the indictment rests upon sufficient evidence. *Gawlik v. State*, 608 S.W.2d 671, 672–73 (Tex.Cr.App.1980). The force of the evidence of intent is not dented by the evidence that appellant had on deposit funds exceeding the testimonial value of the property charged to have been appropriated; the funds were not sufficient to pay the check in full and full payment was not made after notification that payment was refused by the bank. *Accord, Ratcliff v. State*, 504 S.W.2d 883, 884–86 (Tex.Cr. App.1974), *cert. denied*, 423 U.S. 910, 96 S.Ct. 227, 46 L.Ed.2d 147 (1975). The third ground is overruled.

With his first ground of error, appellant contends that the court erred in allowing him to be charged and tried on three counts of theft since there was no evidence of a criminal episode. The State defends the charge and trial, insisting that the offenses charged arose out of a criminal episode, *i.e.*, "the repeated commission of any one

offense [against property]." *See* Tex.Penal Code Ann. § 3.01 (Vernon 1974). Therefore, the State says, the joinder of and prosecution for those offenses in a single trial is sanctioned by § 3.02(a) of the Penal Code, the State being permitted to include all of the offenses in one indictment with each offense stated in a separate count. Tex.Code Crim.Proc.Ann. art. 21.24(a) (Vernon Supp.1982–1983).

 The statutory sanction for the joinder and prosecution of offenses arising out of a criminal episode applies to separate and distinct offenses against property, each complete within itself, which are committed during a continuing course of conduct. Tex.Penal Code § 3.01 (Vernon 1974). *See Gordon v. State,* 633 S.W.2d 872 (Tex.Cr.App.1982); *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978). However, where, as here, the alleged offenses against property result at the same time from one transaction and require the same, common fact for the completion of each offense alleged, only one offense is committed. *See, e.g., Koah v. State,* 604 S.W.2d 156 (Tex.Cr.App.1980). In that event, the State may allege in one count all of the property appropriated in the transaction and, upon proper proof, secure one conviction, *Pena v. State,* 422 S.W.2d 937, 939–40 (Tex.Cr.App.1968); or the State may allege two or more of the offenses arising out of the transaction in separate counts of the same indictment, but a conviction can be had upon only one of the counts. *Crocker v. State,* 573 S.W.2d 190, 197 (Tex.Cr.App.1978).

 In the present cause, the court, upon submission of all three counts to the jury in the absence of the State's election of a count to proceed on, should have instructed the jury that a conviction can be had on only one of the counts. *Id.* The court did not do so; instead, the court submitted all three counts unconditionally and the jury returned a verdict of guilty on each count, following which the jury assessed appellant's punishment at, respectively, five years, three years and three years. The court rendered judgments on

the verdicts and pronounced sentences accordingly, incorporating the judgments in one judgment instrument and the sentences in another sentence instrument. Notwithstanding that appellant could be convicted on only one count, *Ex parte Easley,* 490 S.W.2d 570, 571 (Tex.Cr.App.1972), the multiple convictions and sentences do not void the proceedings; the judgment and sentence may be reformed to show a proper conviction and sentence. *Beaupre v. State,* 526 S.W.2d 811, 816 (Tex.Cr.App. 1975), *cert. denied,* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975).

 The record shows that the court submitted, and instructed the jury to consider whether appellant was guilty or not guilty of, the offenses alleged in numerical order of the counts in the indictment. The court also submitted the punishment issues, and the jury fixed the punishments, in the same order. It follows that since the conviction for theft of the Ferguson tractor and loader as alleged in the first count of the indictment was returned first, the trial court was without legal authority to render judgment and pronounce sentence on the verdicts for the second and third counts in the indictment. *Ex parte Easley, supra.* Therefore, since the conviction for theft as alleged in the first count of the indictment is supported by the evidence, the only challenge to which has been overruled, the conviction may be affirmed, and the later two convictions may be reversed and their prosecutions dismissed. *Price v. State,* 475 S.W.2d 742, 743–44 (Tex.Cr.App.1972).

Consequently, it is ordered that: the judgment is reformed to show that appellant is guilty of the single offense of theft of property of the value of $200 or more but less than $10,000 as charged in Count I of the indictment; the sentence is reformed to show that appellant was found guilty of the single offense of theft of property of the value of $200 or more but less than $10,000, and that he is sentenced to confinement in the Texas Department of Corrections for an indeterminate term [under the indeterminate sentence law then in effect] of not less than two years nor more than five years. *Beaupre v. State, supra.*

The recitations in the judgment and sentence that appellant was found guilty of theft as charged in Counts II and III in the indictment and sentenced to confinement for respective indeterminate terms of not less than two years nor more than three years are deleted, *id.*, those convictions are reversed, and their prosecutions are ordered dismissed. *Price v. State, supra,* at 744.

To this extent, appellant's first ground of error is sustained; in all other respects, it is overruled. The reversals and ordered dismissals of prosecutions moot appellant's sixth and seventh grounds of error by which he contends his conviction for theft of a tank trailer as charged in Count III in the indictment should be reversed for lack of sufficient evidence.

With his second, and remaining, ground of error, appellant contends that the rendering of judgment on the three counts of theft placed him in double jeopardy prohibited by the Federal and State Constitutions. The same contention was made in a similar situation and overruled in *Jones v. State,* 482 S.W.2d 194 (Tex.Cr. App.1972), *cert. denied,* 410 U.S. 932, 93 S.Ct. 1377, 35 L.Ed.2d 594 (1973). Adhering to the rule in *Jones,* we overrule the second ground of error.

As reformed, the judgment is affirmed.