**Vonnie Flynn YORK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–108–CR.**

Court of Appeals of Texas, Texarkana.

Feb. 23, 1993.

Discretionary Review Refused June 9, 1993.

Dan K. Parchman, Mt. Vernon, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Vonnie Flynn York appeals his convictions for the separately charged offenses of theft of livestock and theft of property of a value of at least $750.00 but less than $20,000.00. York pleaded guilty to the charges, and a jury assessed punishment at thirty-five years' imprisonment for each offense. The trial judge ordered that the two sentences be served concurrently. We affirm.

On February 27, 1991, York stole seven heifer calves and a livestock trailer from a dairy farmer in Franklin County.

In his first point of error, York argues that his dual, separate convictions violate the double jeopardy clauses of the United States and Texas Constitutions. *See* U.S. CONST. amends. V, XIV; TEX.CONST. art. I, § 14; TEX.CODE CRIM.PROC.ANN. art. 1.10 (Vernon 1977). York was charged with two violations of the same penal statute. TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1993).[1] York argues that the two

charges against him should have been combined into a single indictment as the charges arose from one criminal transaction. He notes that the Penal Code provides that amounts may be aggregated to determine the grade of an offense, TEX.PENAL CODE ANN. § 31.09 (Vernon 1989), and he argues that the dual convictions for the same criminal episode subjected him to double jeopardy. *See Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Ex Parte Fortune*, 797 S.W.2d 929 (Tex.Crim.App.1990); *Moore v. State*, 677 S.W.2d 550 (Tex.App.—Amarillo 1983, pet. ref'd), *cert. denied*, 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984).

York did not object to the separate convictions in the trial court. Nonetheless, a claim of double jeopardy may be raised for the first time on appeal. *Jones v. State*, 586 S.W.2d 542, 544 (Tex.Crim. App. [Panel Op.] 1979). We also note that concurrent sentences were ordered, as allowed by TEX.PENAL CODE ANN. § 3.03 (Vernon 1974). Yet concurrent sentences do not foreclose a finding of double jeopardy. *United States v. Osunegbu*, 822 F.2d 472, 481 (5th Cir.1987).

York is correct in arguing that successive prosecutions or multiple sentences for the *same offense* constitute double jeopardy, *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App.1992), but the state legislature is free to carve out as many offenses as it chooses from one transaction so long as each offense requires proof of a fact which the other does not. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Spradling v. State*, 773 S.W.2d 553, 556 (Tex.Crim.App.1989). York was charged with two third-degree felonies under the Texas theft statute, which provides in relevant part:

> (A) The value of the property stolen is $750 or more but less than $20,000, or the property is one or more head of cattle, horses, sheep, swine, or goats or any part thereof under the value of $20,000; ....

---

1. TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1993) provides in relevant part:

    (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

    ....

    (e) Except as provided by Subsection (f) of this section, an offense under this section is:

    (4) a felony of the third degree if:

[A]n offense under this section is:

. . . . .

(4) a felony of the third degree if:

(A) the value of the property stolen is $750 or more but less than $20,000, *or* the property is one or more head of cattle, horses, sheep, swine, or goats or any part thereof under the value of $20,000;

. . . .

TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp.1993) (emphasis added). The Texas Legislature has made it a third-degree felony to commit theft either of livestock *or* of other property worth $750.00 or more but less than $20,000.00. As the Legislature has defined the offenses separately, or in the disjunctive, York could be tried for both without being twice put in jeopardy.

■ This conclusion comports with *Blockburger v. United States*, which provides:

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Grady* decision, on which York relies, held that the Double Jeopardy Clause also bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. Conduct, not evidence, is the focus of the test. *Grady v. Corbin*, 495 U.S. at 510, 110 S.Ct. at 2087; *see also Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex.Crim.App.1991). In this case, it was not necessary for the State to prove that York stole the cattle in order to prove that he stole the trailer, or vice versa. *Cf. Iglehart v. State*, 837 S.W.2d at 128. We find that the separate indictments and prosecutions did not subject York to double jeopardy.

■ In his second point of error, York argues that the trial court erred in consolidating the two indictments against him into a single trial. He argues that the State failed to give thirty days' notice of the consolidated actions. *See* TEX.PENAL CODE ANN. § 3.02(b) (Vernon 1974). A bench warrant issued for York on October 29, 1991, counsel was appointed on October 30, 1991, and trial was set for November 12, 1991.

■ York waived any complaint in this regard by failing to object before trial. *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1993). York argues that the waiver provision in Article 1.14 should not apply because this case involves a single offense, not two offenses. But we have already determined that York committed two offenses as they are defined in Section 31.03(e)(4)(A) of the Penal Code. York also argues that Article 1.14 of the Code of Criminal Procedure only applies to defects in an "indictment," not indictments. But, the waiver provision in Article 1.14 clearly applies to the multiple indictment, single action situation and the notice required under Section 3.02(b) of the Penal Code. *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim.App.1992); *Yohey v. State*, 801 S.W.2d 232, 244 (Tex.App.—San Antonio 1990, pet. ref'd). Although the State failed to give York proper notice of the consolidation of the two indictments into a single trial, York waived this error by failing to object.

We find that York was not subject to double jeopardy by being indicted and convicted separately for the theft of cattle and the theft of a livestock trailer. The State erred in consolidating the two indictments for trial without giving thirty days' notice to York, but York waived the error by failing to object.

The judgment of the trial court is affirmed.