# NOS. 12-18-00257-CR
# 12-18-00258-CR
# 12-18-00259-CR
# 12-18-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ROBERT HOWARD SPAIN, JR.,*** ***APPELLANT*** | *§* | ***APPEALS FROM THE 294TH*** |
| ***V.*** | *§* | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS,*** ***APPELLEE*** | *§* | ***VAN ZANDT COUNTY, TEXAS*** |

## *MEMORANDUM OPINION*

Robert Howard Spain, Jr., appeals his four convictions for possession of child pornography. Appellant raises four issues on appeal. We reverse and remand for a new trial on punishment.

### BACKGROUND

Appellant was indicted in four separate cases for possession of child pornography. The State filed a notice of punishment enhancement in each case. Appellant pleaded not guilty to the charges, and the cases proceeded to a jury trial. On the day of trial, the State filed a notice to consolidate the four cases in a single criminal action. The jury found Appellant guilty in each case, sentenced him to twenty years of imprisonment, and assessed a $10,000 fine in each case. The State moved to cumulate or "stack" his sentences, a request the trial court granted. Appellant filed motions for new trial in each case that were overruled by operation of law. These appeals followed.

In his first issue, Appellant argues that the trial court erred in allowing the cases to be consolidated at trial without the statutorily required thirty days' notice.

**Standard of Review and Applicable Law**

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West 2011). "Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person when (1) the offenses are committed pursuant to the same transaction; (2) pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (3) the offenses are the repeated commission of the same or similar offenses. *Id*. § 3.01 (West 2011). A defendant is prosecuted in "a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Ex parte Carter*, 521 S.W.3d 344, 346–47 (Tex. Crim. App. 2017).

When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the State shall file written notice of the action not less than 30 days prior to the trial. TEX. PENAL CODE ANN. § 3.02(b). However, a single trial or plea proceeding, and thus, a single criminal action, may exist regardless of whether the State provided notice of its intent to try several charging instruments together. *See Ex parte Carter*, 521 S.W.3d at 347. When a defendant is faced with multiple pending indictments, he may expressly or implicitly consent to the consolidation of them into a single proceeding by failing to object to their severance. *See Cervantes v. State*, 815 S.W.2d 569, 571 (Tex. Crim. App. 1991). The defendant's failure to object to the lack of timely notice under the statute also results in waiver of any complaint in this regard. *York v. State*, 848 S.W.2d 341, 343 (Tex. App.—Texarkana 1993, pet. ref'd).

**Discussion**

Appellant contends that the State did not timely provide the notice of consolidation in each case, and that we should reverse the trial court's judgments. The State filed the notices and served them on defense counsel by personal delivery on the day of trial just prior to voir dire. Accordingly, the State did not timely provide the notice of consolidation. However, after the State served the notice, the following discussion occurred on the record:

THE COURT: Is there anything we need to do outside the presence of the jury?

[PROSECUTOR]: We filed a notice of consolidation joinder to try all four of the pending indictments against the defendant together. [Defense counsel] has been made aware of that.

[DEFENSE COUNSEL]: That's correct, Judge.

THE COURT: All right. Is there anything else? And are we picking a jury, then, on all –

[DEFENSE COUNSEL]: Four cases.

THE COURT: -- four cases?

[DEFENSE COUNSEL]: Yes, ma'am.

THE COURT: Okay. All right.

Because Appellant did not object to the untimely notice and consolidation, he waived our consideration of this issue. *See Cervantes*, 815 S.W.2d at 571; *York*, 848 S.W.2d at 343. Furthermore, any error in this regard would be harmless, because the jury would have heard the same evidence regardless of whether the offenses were tried separately in different trials or together in one. *See Tovar v. State*, 165 S.W.3d 785, 795 (Tex. App.—San Antonio 2005, no pet.) (holding any error in trial court's refusal to sever offenses of producing and promoting sexual performance by child and possession of child pornography was harmless because evidence of each offense would have been admissible in separate trial of other offense); *Hill v. State*, No. 12-01-00356-CR, 2003 WL 292316, at *1 (Tex. App.—Tyler Feb. 12, 2003, no pet.) (mem. op., not designated for publication) (holding any error was harmless in trial court's consolidation of three offenses of sexually assaulting child, despite fact that State's motion to consolidate was not filed 30 days or more before trial as required by statute, because review of record did not reveal any substantial or injurious affect on jury verdict). Appellant's first issue is overruled.

## PUNISHMENT ENHANCEMENT ALLEGATIONS

In his third issue, Appellant contends that the trial court erred by allowing the jury to consider evidence of Appellant's previous convictions as punishment enhancements when Appellant was not properly arraigned during the punishment phase of trial, and the State failed to properly cure the error.

**Standard of Review and Applicable Law**

The indictment shall be read to the jury by the prosecuting attorney. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (West 2007). Enhancement allegations that are not jurisdictional must be read to the jury at the inception of the punishment hearing. *See id.*

The reading of the indictment and enhancement allegations is mandatory, and when there is no plea thereto, then no issue is joined upon which to try the defendant. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995) (citing *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985)). If an issue is not joined, then any evidence presented on the matter is "not properly before the jury." *Welch v. State*, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983). This rule applies with equal force to the reading of and pleading to enhancement allegations at the penalty phase of a trial before a jury. *Turner*, 897 S.W.2d at 788; *Welch*, 645 S.W.2d at 285. The rationale for the rule is as follows:

> The indictment is the basis for the prosecution. Among other things, its office is to inform the appellant of the charge laid against him, and one of the purposes of the requirement that it shall be read to the jury at the beginning of the prosecution is to inform them in precise terms of the particular charge laid against the defendant on trial. His plea thereto makes the issue. While it may be thought that this ground of objection is in its nature quite technical, it is, nevertheless, the right of every defendant to have the charge read against him and to have his plea entered therein. Such is the express provision of our statute, and this right has been recognized time out of mind by all the decisions of this court. It is of such a substantial nature that in all the decisions of this court it has been treated and regarded as mandatory.

*Peltier v. State*, 626 S.W.2d 30, 31 (Tex. Crim. App. 1981) (quoting *Essary v. State*, 53 Tex. Crim. 596, 603, 111 S.W. 927, 930–31 (1908)).

A defendant's right, under Article 36.01, to stand before the jury and plead not true to the enhancement paragraphs is a valuable right which might give the jury the impression the defendant concedes the State's case against him, thereby relieving the State of the obligation to prove what it alleged. *Turner*, 897 S.W.2d at 789. It is error to permit the jury to consider enhancement evidence admitted before the entry of the defendant's plea. *Mendez v. State*, 212 S.W.3d 382, 388 (Tex. App.—Austin 2006, pet. ref'd).

Error which results from not reading the enhancement allegations and not entering a plea can be cured at trial. *Warren*, 693 S.W.2d at 416. The procedure to be followed has been long established: upon learning of the error, the indictment is read to the jury, the accused enters a plea,

and the State reintroduces the evidence, or alternatively, the parties may stipulate to the evidence. *Id.*

In *Turner*, the Court held that harmless error analysis was inapplicable to error of the sort presented here. *Turner*, 897 S.W.2d at 789. The Court has since held, however, that except for a narrow group of federal constitutional errors, no error is categorically immune to a harmless error analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (overruling "any other decision [that] conflicts with the present opinion"). Thus, a violation of Article 36.01 is subject to a harmless error analysis. *Hernandez v. State*, 190 S.W.3d 856, 868 (Tex. App.—Corpus Christi 2006, no pet.); *Mendez*, 212 S.W.3d at 388. The proper harmless error analysis to apply is the "nonconstitutional" standard. *Hernandez*, 190 S.W.3d at 868. Nonconstitutional errors require reversal only if the error could have impacted Appellant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Hernandez*, 190 S.W.3d at 868 ("[A]fter examining the record as a whole, the appellate court must disregard the error if it has fair assurance that the error did not influence the jury or had but a slight effect.").

With respect to the harm analysis, the Court has held that not reading the enhancement paragraphs and having the defendant plead to them could mislead a defendant into believing the State has abandoned the enhancement paragraphs. *Turner*, 897 S.W.2d at 789. In such a case, the defendant might take the stand and incriminate himself. *Id.* This is particularly so in cases in which the enhancements are not included in the indictment, such that "the failure to read the enhancement allegations does not put the defendant on notice that the proceedings may have gone amiss." *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006).

**Discussion**

In this case, the enhancement allegations were not included in the indictment, but were provided to Appellant in a notice of enhancement allegations.[1] At the inception of the punishment proceeding, without further context provided to the jury, the State provided testimony from a fingerprint expert who compared Appellant's fingerprints with those on the judgments of

---

[1] *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997) (recognizing that although defendant has due process right to notice of State's pursuit of enhancement, State need not amend indictment provided that convictions used as enhancement are pleaded in some form).

conviction that were admitted into evidence to prove his identity and the enhancement allegations, along with other evidence. The State rested, Appellant offered no evidence, and he did not testify. After the State and Appellant rested and closed, the following discussion occurred:

THE COURT: All right. Be seated. And the Court has prepared the charge in each of the cases and has given it to the attorneys, given them an opportunity to review that, a reasonable time. Is there any objection to the charge from the State?

[PROSECUTOR]: No, Your Honor.

THE COURT: From the defense?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Go ahead.

[DEFENSE COUNSEL]: The State filed a notice of enhancement. The enhancements were not read before the jury. [Appellant] did not enter a plea of true or not true to those enhancements before the jury as mandated under Code of Criminal Procedure 36.01. Because of that, Judge, it is our position that the Court -- that the jury should not consider enhancement paragraphs because they were not properly admitted before the jury in accordance with 36.01 and the case law that I know that we all looked at in the charge conference.

THE COURT: All right. And the Court is going to overrule your objection to the charge.

. . . .

[DEFENSE COUNSEL]: And, again, just for the record, I understand the Court's ruling that it is allowing the State to reopen for the purpose and I assume it is the limited purpose of attempting to cure its error regarding the enhancement again based on 36.01 and the case law and follow the procedures set forth in the case law to attempt to cure or to cure that issue thus joining the enhancement paragraph to this charge.

THE COURT: All right. All right. Then we'll bring the jury in.

. . . .

[The State then read the enhancement allegations in each case, to which Appellant pleaded "not true."]

[DEFENSE COUNSEL]: And, Judge, for record purposes, is the State closing now? Can we approach?

THE COURT: Yes.

(At the Bench, on the record)

[DEFENSE COUNSEL]: I'm not trying to be unduly difficult, but as I'm understanding the Court's ruling that allowed the State to reopen the evidence to intend to cure their enhancement paragraphs, is the State now closing their evidence?

6

[PROSECUTOR]: We disagree that that was a reopening, Your Honor. The evidence was closed and is still closed. This is part -- that's the State's position.

[DEFENSE COUNSEL]: So you're saying the State is not asking to reopen, never did ask to reopen?

[PROSECUTOR]: That's correct.

THE COURT: Okay.

[DEFENSE COUNSEL]: Then, Judge, based on the case law, based on what the State was supposed to have done in attempting to cure this, we would again raise our objection. The case law is very clear that once they read the enhancements, they take his plea, they either have to reintroduce the evidence or ask for a stipulation of the evidence. And they failed to do so (sotto voce) not to allow them to proceed. It is reversible error based on (sotto voce).

THE COURT: All right. Okay.

[DEFENSE COUNSEL]: And, I'm sorry, can I get a ruling on that?

THE COURT: A ruling on what?

[DEFENSE COUNSEL]: On --

THE COURT: You're just telling me.

[DEFENSE COUNSEL]: No, no. I am now again, once again, objecting to --

THE COURT: I'm going to overrule your objection.

The State offered no further evidence. The testimony of the fingerprint expert and related evidence, having been presented before Appellant's pleas of "not true" and not having been stipulated or reintroduced, was not properly before the jury, and Appellant's objection was sufficient to point out this defect to the trial court. *See Welch*, 645 S.W.2d at 285. Accordingly, the trial court erred when it overruled Appellant's objection and did not require the State to reoffer its punishment evidence pertaining to the enhancement allegations. *See id.*

Turning to the harm analysis, it is true that nothing in the record shows that the State manifested an intention to abandon the enhancements, or that Appellant testified and incriminated himself. *See Turner*, 897 S.W.2d at 789. However, the expert was the only witness showing that Appellant was the same person previously convicted in the prior convictions alleged for enhancement of punishment. Appellant's offenses were third degree felonies without the punishment enhancements, with a punishment range of two years to ten years of imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.34 (West 2019); 43.26(d) (West 2016). The range of punishment with the enhancements was two years to twenty years of imprisonment. *See id.* §

12.42(a) (West 2019). The jury sentenced Appellant to twenty years of imprisonment and assessed a $10,000 fine in each case, the maximum enhanced term of imprisonment and fine.

Accordingly, we do not have fair assurance that the error did not influence the jury or had but a slight effect on the punishment assessed by the jury. *See Welch*, 645 S.W.2d at 285; *Hernandez*, 190 S.W.3d at 872 (holding defendant harmed by Article 36.01 violation because he received maximum enhanced penalty); *Mendez*, 212 S.W.3d at 389 (holding that error was harmful because no other properly admitted evidence before jury that would allow for finding enhancement allegations true); *Braun v. State*, No. 02-08-130-CR, 2009 WL 579299, at *3 (Tex. App.—Fort Worth Mar. 5, 2009, pet. ref'd) (mem. op., not designated for publication) (same); *but see Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (holding no harm in similar circumstances, but considered only the concern raised in *Turner* that not reading the enhancement could mislead defendant into believing State abandoned enhancement paragraphs, which could cause him to incriminate himself, without considering other aspects of harm analysis).

Because the error relates to punishment only, we will reverse and remand for a new punishment determination. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West 2018). Appellant contends that the State is limited to the nonenhanced third degree felony punishment range of two to ten years of imprisonment on remand. We disagree. The error does not have double jeopardy implications, it is one of "trial error" as opposed to insufficient evidence, and consequently, the State may seek an enhanced punishment upon remand. *See Welch*, 645 S.W.2d at 286; *Mendez*, 212 S.W.3d at 388–89. Appellant's third issue is sustained.

## REMAINING ISSUES

In Appellant's second issue, Appellant argues that the trial court's orders to stack his sentences in each case were improper. *See* TEX. PENAL CODE ANN. § 3.03(a), (b)(3)(A) (West Supp. 2018). In his fourth issue, Appellant contends that since all four cases were tried in a single criminal action, costs should not have been assessed separately for each case. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018); *Cain v. State*, 525 S.W.3d 728, 733-34 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Because we have ordered a new trial on punishment, we need not resolve these issues. *See* TEX. R. APP. P. 47.1.

8

## DISPOSITION

Having sustained Appellant's third issue, we *reverse* the judgments of the trial court and *remand* for a new trial on punishment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-18-00257-CR**

**ROBERT HOWARD SPAIN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00440)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-18-00258-CR**

**ROBERT HOWARD SPAIN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00441)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-18-00259-CR**

**ROBERT HOWARD SPAIN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00442)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-18-00260-CR**

**ROBERT HOWARD SPAIN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00443)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*