

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00525-CR

Alfred Fabian **FARIAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 731783
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: August 6, 2025

AFFIRMED AS MODIFIED

In two issues, appellant Alfred Fabian Farias challenges the trial court's judgment of conviction in cause number 731783. We modify the judgment to reflect Farias's plea of not guilty and affirm the judgment as modified.

### BACKGROUND

In April 2024, Farias was charged with the misdemeanor offense of making terroristic threats against Monica Ramirez. That charge was docketed under cause number 731782. In May

2024, Farias was again charged with making terroristic threats—this time against Daniel Ramirez—and that charge was docketed under cause number 731783.

The trial court consolidated the two causes. In a single trial, a jury found Farias guilty as charged in both cases, and the trial court sentenced him to 86 days' incarceration. Farias timely filed this appeal from the judgment in cause number 731783.[1]

## ANALYSIS

### *Consolidation*

In his first issue, Farias argues the trial court erred by consolidating the charge at issue in this appeal with the separate charge that was pending in cause number 731782. The State responds that Farias consented to the consolidation by failing to object below.

"A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." TEX. PENAL CODE § 3.02(a). "When a single criminal action is based on more than one charging instrument," the charged offenses may be tried in a single action if the State files "written notice of the action not less than 30 days prior to the trial." *Id.* § 3.02(b); *Garza v. State*, 687 S.W.2d 325, 330 (Tex. Crim. App. 1985). Here, Farias correctly notes that although he was prosecuted on two separate charging instruments in a single trial, the appellate record does not contain any pre-trial written notice of consolidation.

"It has long been held that pending indictments may be consolidated in a single trial with the consent [of] or absent an objection by and with the implied consent of the defendant." *Garza*, 687 S.W.2d at 330; *see also Milligan v. State*, 764 S.W.2d 802, 803 (Tex. Crim. App. 1989). The State's failure to give proper notice of consolidation is a procedural error that the defendant can

---

[1] Farias also appealed his conviction in cause number 731782. By separate opinion issued July 16, 2025, we affirmed that conviction. *See Farias v. State*, No. 04-24-00526-CR, 2025 WL 1949572, at *1 (Tex. App.—San Antonio July 16, 2025, no pet. h.) (mem. op., not designated for publication).

waive by failing to object at trial. TEX. CODE CRIM. PROC. art. 1.14(a); *LaPorte v. State*, 840 S.W.2d 412, 414–15 (Tex. Crim. App. 1992), *overruled in part on other grounds by Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017); *York v. State*, 848 S.W.2d 341, 343 (Tex. App.—Texarkana 1993, pet. ref'd). Here, immediately before jury selection, the trial court called both cases and told the venire panel that "those two cases have been consolidated." The record does not show that Farias argued below that he had not received proper notice of consolidation. Nor did he otherwise object to consolidation or move to sever the two causes. Because Farias did not object to either the consolidation itself or to his purported lack of notice, he waived any complaint about that issue. *Milligan*, 764 S.W.2d at 803; *York*, 848 S.W.2d at 343. But even if we assume he preserved this error for our review, we see nothing in the record to support a conclusion that the consolidation affected his substantial rights. *See* TEX. R. APP. P. 44.2(b); *Tovar v. State*, 165 S.W.3d 785, 795 (Tex. App.—San Antonio 2005, no pet.).

We overrule Farias's first issue.

### *Clerical Error in the Judgment*

In his second issue, Farias argues the judgment erroneously recites that he pleaded guilty to the charged offense. The record shows Farias pleaded not guilty, and the State concedes that the judgment should be modified to accurately reflect that plea. We therefore sustain Farias's second issue and modify the judgment to reflect his plea of not guilty. *See* TEX. R. APP. P. 43.2(b).

### CONCLUSION

We modify the trial court's judgment to reflect Farias's plea of not guilty to the charged offense and affirm the judgment as modified.

Lori I. Valenzuela, Justice

DO NOT PUBLISH